IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| EVADNE S. FORD, on behalf of herself and all others similarly situated, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 115-031 |
| QUANTUM3 GROUP, LLC and GALAXY PORTFOLIOS, LLC, | * * * | |
| Defendants. | * | |
| JOSEPH MICHAEL McNORRILL, on behalf of himself and all others similarly situated, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 114-210 |
| ASSET ACCEPTANCE, LLC, | * * | |
| Defendant. | * | |
| BRENDA WILLIS, | * * | |
| Plaintiff, | * * | |
| v. | * * | CV 114-227 |
| CAVALRY INVESTMENTS, LLC, CAVALRY PORTFOLIO SERVICES, LLC, | * * * | |
| Defendants. | * | |

**O R D E R**

On April 29, 2015, the Court held a telephone status conference with counsel for the above-captioned cases. The purpose of that conference was to discuss the appropriateness of a stay in all three proceedings pending the Eleventh Circuit Court of Appeals' disposition of Johnson v. Midland Funding, LLC, No. 15-11240 (11th Cir. Mar. 24,

2015). More specifically, the Court presented its reluctance to proceed with the pending motions to dismiss as the Eleventh Circuit currently is in the process of addressing a dispositive issue.

In each of the three cases, Plaintiffs are represented by the same counsel, who has one primary objection: that staying the litigation could result in undue delay and piecemeal litigation. Defendants in both Ford and Willis both recognized that a stay would be appropriate given the similarity of issues between their respective cases and Johnson. Asset Acceptance, LLC, the defendant in McNorrill, expressed its belief that the preclusion issue in Johnson does not impact its statute of limitations defenses and thus the Court could rule on its pending motion to dismiss on a separate ground.

Nonetheless, the Court finds a stay is appropriate in this matter. It is well-established that a district court may stay proceedings either on its own or on a motion of the parties. See, e.g., Landis v. N. Am. Water Works & Elec. Co., 299 U.S. 248, 254 (1936). Moreover, the Eleventh Circuit has held that "[a] variety of circumstances may justify a district court stay pending the resolution of a related case in another court." Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000). Indeed, a stay "sometimes is authorized simply as a means of controlling the district court's docket and of managing cases before the district court." Id. Even so, "[w]hen a district court exercises its discretion to stay a case pending the resolution of related proceedings in another forum, the district court must limit properly the scope of the stay." Id.

Each of these cases turns on the interplay between the Fair Debt Collection Practices Act ("FDCPA") and the Bankruptcy Code,

2

particularly in reference to the filing of time-barred proofs of claim in bankruptcy proceedings. The issue before the Eleventh Circuit is essentially the same: Does the Bankruptcy Code preclude an FDCPA claim based on the filing of a proof of claim? Indeed, as Plaintiffs' counsel recognized in the status conference, an affirmance from the Eleventh Circuit in Johnson would prove dispositive to all three cases.

Accordingly, each of the above-captioned cases shall be **STAYED** pending the Eleventh Circuit's decision in Johnson v. Midland Funding, LLC, at which time any party may move to lift the stay.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of May, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA