```
IN THE UNITED STATES DISTRICT COURT FOR THE
          SOUTHERN DISTRICT OF GEORGIA
                AUGUSTA DIVISION
```

JOSEPH MICHAEL MCNORRILL, on     *
behalf of Himself and all           *
others similarly situated,        *
                                     *
           v.                      *
                                     *
ASSET ACCEPTANCE, LLC,           *          1:14-cv-210
                                     *
      Defendant.               *
                                     *
                                     *
                                     *

## O R D E R

In this putative class action, Plaintiff Joseph Michael McNorrill, as class representative, alleges that Defendant Asset Acceptance, LLC violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect and, in fact, accepting payments on time-barred debt in Chapter 13 bankruptcy proceedings. Defendant moved to dismiss Plaintiff's Complaint because he filed suit after the FDCPA's statute of limitations ran. As explained below, the Court **GRANTS** Defendant's motion **IN PART** and **DENIES** the motion with respect to Defendant's acceptance of payments on time-barred debt in connection with a bankruptcy proceeding.

# I. BACKGROUND

## A. Procedural History

On September 17, 2014, Plaintiff filed a class action in the Superior Court of Columbia County, Georgia alleging that Defendant violated the FDCPA. (Doc. 1 at 8.) On November 7, 2014, Defendant removed the case to this Court. (Id. at 1.) Soon after, Defendant filed a motion to dismiss the Complaint. (Doc. 6.)

In response to Defendant's motion to dismiss, Plaintiff simultaneously filed a brief opposing dismissal and amended his Complaint. (Docs. 7, 8.) In light of the amendment, the Court terminated Defendant's motion to dismiss as moot. (Doc. 10.) On December 23, 2014, Defendant filed a second motion to dismiss. (Doc. 12.)

While that motion was pending, the Court stayed the case until the Eleventh Circuit's decision in Johnson v. Midland Funding, LLC, --- F.3d ---, 2016 WL 2996372 (11th Cir. May 24, 2015). (Doc. 29.) Noting the Eleventh Circuit's decision in Johnson, the Court lifted the stay on June 1, 2016, and allowed the parties additional time to brief the decision's impact on this case. (Doc. 30.) With that additional briefing now complete, Defendant's second motion to dismiss is ripe for adjudication.

**B. Plaintiff's Allegations**

This class action alleges that "Defendant violated the FDCPA by filing proofs of claims and lawsuits against the putative class members when claims and lawsuits on the debts Defendant was seeking to collect were barred by the statutes of limitations . . . ." (Am. Compl., Doc. 7 ¶ 1.)

At the relevant times, Plaintiff and the proposed class members were residents of Georgia, Florida, and Alabama. (Id. ¶ 16.) Defendant Asset Acceptance, LLC, a Delaware LLC with its principal address in Michigan, is in the business of consumer debt collection. (Id. ¶ 4.) Plaintiff alleges that Defendant files lawsuits to recover time-bared debts and time-barred proofs of claim in bankruptcy courts against debtors. (Id. ¶ 18.)[1]

In Plaintiff's case, Defendant allegedly "filed a time-barred proof of claim on April 3, 2012, shortly after [Plaintiff] petitioned for Chapter 13 protection." (Id. ¶ 19.) According to the Amended Complaint, the debt claimed by Defendant became time-barred on September 1, 2006. (Id. ¶ 20.) During the bankruptcy, neither Plaintiff nor the bankruptcy

---

[1] "Time-barred" refers to claims that creditors are barred from collecting from debtors because of applicable statutes of limitations. According to Plaintiff, the relevant statutes of limitation in this case are six years in Georgia, five years in Florida, and three years in Alabama. (Am. Compl. ¶ 28.) Whether the debt alleged in the Amended Complaint is in fact time-barred is irrelevant to this motion. Accordingly, these statutes of limitation are not presently at issue; only the FDCPA statute of limitation is at issue here.

trustee objected to Defendant's claim. (Id. ¶ 21.) "[A]s a direct result of filing [the] time-barred proof of claim against" Plaintiff, Defendant was paid the following amounts:

- November 3, 2014      $66.14
- October 1, 2014       $91.55
- September 2, 2014     $51.98

(Id. ¶ 24.) Plaintiff alleges that absent Court intervention, Defendant will continue to receive monthly payments based on the time-barred claim. (Id. ¶ 25.)

In Count I of the Amended Complaint, Plaintiff alleges that Defendant's conduct violates 15 U.S.C. §§ 1692e and 1692f. (Id. ¶¶ 47-48.) Specifically, Plaintiff makes two separate allegations concerning which of Defendant's actions constitute violations. First, Plaintiff alleges that the filing of time-barred proofs of claim was in violation of §§ 1692e and 1692f. (Id. ¶ 53.) Second, Plaintiff alleges that "Defendant's collection [of] money as a result of filing of time-bared proofs of claim . . . is a false, deceptive, or misleading representation or an unfair means of collection of a debt in violation of 15 U.S.C. §§ 1692e and 1692f." (Id. ¶ 54.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant

4

fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To survive a defendant's Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include enough "factual allegations to raise a right to relief above the speculative level," and those facts must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Although a complaint attacked by a Rule 12(b)(6) motion need not be buttressed by detailed factual allegations, the plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 556 U.S. at 555).

At the same time, a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of circumstances that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Kabir v. Statebridge Co., No. 1:11-cv-2747, 2011 WL 4500050, at *2 (N.D. Ga. Sept. 27, 2011) (citing Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993)). At this stage, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable

5

to the plaintiff. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

### III. DISCUSSION

#### A. Statute of Limitations

"A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" Perez v. Fedex Ground Package Sys., Inc., 587 F. App'x 603, 605 (11th Cir. 2014) (quoting La Grasta, 358 F.3d at 845).

Defendant's motion argues that Plaintiff's FDCPA claim is time-barred by the FDCPA's one-year statute of limitations. See 15 U.S.C. § 1692k(d); In Maloy v. Phillps, 64 F.3d 607, 608 (11th Cir. 1995), the Eleventh Circuit held that the FDCPA's statute of limitations begins to run upon a defendant's "last opportunity to comply with the FDCPA." Further, FDCPA case law disfavors the notion of a continuing violation or other doctrines that would permit later-in-time conduct to resurrect otherwise time-barred violations. See, e.g., Gajewski v. Ocwen Loan Servicing, --- F. App'x. ---, 2016 WL 3006896, at *2 (7th Cir. May 25, 2016). But courts do allow cases to move forward where independent violations occur entirely within the statutory period. In such situations, courts dismiss other time-barred conduct from consideration. See Kaplan v. Assetcare, Inc., 58 F. Supp. 2d 1355, 1360 (N.D. Ala. 2000); Pittman v. J.J.

6

MacIntyre Co. of Nevada, Inc., 969 F. Supp. 609, 611 (D. Nev. 1997). In this case, the Court construes Plaintiff's Amended Complaint to allege two distinct violations, one for filing time-barred claims and another for collecting and accepting payments in the course of a bankruptcy proceeding. (See Am. Compl., Doc. 7, ¶¶ 53-54.)

### 1. Defendant's Filing of a Stale Claim

The face of Plaintiff's Amended Complaint reveals that the FDCPA's statute of limitations bars his claim against Defendant for filing its proof of claim. See 15 U.S.C. § 1692k(d). Defendant filed the proof of claim on April 3, 2012, and Plaintiff filed this case on September 17, 2014. Accordingly, the Court **GRANTS** Defendant's motion to dismiss with respect to Defendant's filing of a stale claim.

### 2. Defendant's Acceptance of Payments

Defendant argues that Plaintiff cannot recover for its acceptance of payments. At least in part, Defendant frames this as a question of whether the FDCPA's statute of limitations bars this claim. More particularly, Defendant argued that because the Bankruptcy Code permits the filing of stale claims, the acceptance of payment for such a claim is "permitted by law," 15 U.S.C. § 1692f(1), so that a "separate actionable event that starts the limitations clock running anew" never occurred.

7

Hunnicutt v. Cach, LLC, No. 10-cv-2111, 2011 WL 2600651, at *1 (M.D. Fla. June 30, 2011).

Defendant's argument confuses two questions: whether an "actionable event" occurred for statute of limitations purposes and whether Plaintiff alleged a plausible violation of the FDCPA.[2] Properly construed, Plaintiff's Amended Complaint alleges that Defendant's acceptance of payments is an independent violation of §§ 1692e and 1692f. Assuming the alleged conduct violates those sections, then Plaintiff collected payments on time-barred debt well before the one-year statute of limitations period passed.[3] That being the case, the real question is whether Plaintiff's allegation that Defendant accepted payments in conjunction with a time-barred proof of claim in Chapter 13 Bankruptcy proceedings states a plausible claim for relief under 15 U.S.C. §§ 1692e or 1692f. The Court addresses this question below.

**B. Failure to State a Claim**

"Section 1692e of the FDCPA provides that '[a] debt collector may not use any false, deceptive, or misleading

---

[2] In fairness to Defendant, Hunnicutt itself appears to confuse this question or at least does not give full consideration to Plaintiff's argument that the second alleged violation is a plausible claim for relief.

[3] According to the Amended Complaint, Defendant accepted payments on September 2, October 1, and November 3, 2014. Plaintiff filed this suit on September 17, 2014 and amended his Complaint on November 25, 2014.

8

representation or means in connection with the collection of any debt.'" Crawford v. LVNV Funding, LLC, 758 F.3d, 1254, 1258 (11th Cir. 2014) (quoting 15 U.S.C. § 1692e). Somewhat similarly, "Section 1692f states that '[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.'" Id. (quoting 15 U.S.C. § 1692f). "This includes attempting to collect a debt that is not expressly authorized by the agreement creating the debt or permitted by law." Johnson v. Midland Funding, LLC, --- F.3d ---, 2016 WL 2996372, at *1 (11th Cir. May 24, 2016) (quotation and citation omitted). "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." Heintz v. Jenkins, 514 U.S. 291, 294 (1995). The Court applies a least-sophisticated-consumer standard to "evaluate whether a debt-collector's conduct is deceptive, misleading, unconscionable or unfair under the statute." Crawford, 758 F.3d at 1258. (internal quotations omitted).

Courts have applied these general rules to debt collectors filing lawsuits to collect on time-barred debts. As the Eleventh Circuit explained, "[f]ederal circuit and district courts have uniformly held that a debt collector's threatening to sue on a time-barred debt and/or filing a time-barred suit in state court to recover that debt violates §§ 1692e and 1692f." Id. at 1259. (collecting cases). This is so because statutes of limitations "represent a pervasive legislative judgment that it

9

is unjust to fail to put the adversary on notice to defend within a specified period of time," and "because the right to be free from stale claims in time comes to prevail over the right to prosecute them." Id. at 1260.

The Eleventh Circuit has held that the same goes for filing time-barred claims in bankruptcy court. Crawford, 758 F.3d at 1261. As Crawford explains, "[t]he 'least sophisticated' Chapter 13 debtor may be unaware that a claim is time barred and unenforceable and thus fail to object to such a claim. Given the Bankruptcy Code's automatic allowance provision, the otherwise unenforceable time-barred debt will be paid from the debtor's future wages as part of his Chapter 13 repayment plan." Id. For this reason, among others, the Eleventh Circuit held that filing a time-barred proof of claim in bankruptcy was "'unfair,' 'unconscionable,' 'deceptive,' and 'misleading' within the broad scope of § 1692e and § 1692f." Id.

As far as the Court is aware, no court has considered whether the collection of time-barred debts in a bankruptcy proceeding is an independent violation from the filing of a time-barred claim. In the Court's view, the circumstances surrounding the alleged collection of payments must inform whether the collection is a violation of §§ 1692e or 1692f. Here, Plaintiff's payment and Defendant's acceptance took place because Defendant allegedly filed a time-barred proof of claim in a Chapter 13 proceeding. In alleging that Defendant

10

collected and accepted Chapter 13 bankruptcy plan payments for a time-barred claim, the Court finds that Plaintiff plausibly stated a claim for relief under 15 U.S.C. §§ 1692e and 1692f.

Defendant's arguments otherwise are unpersuasive. Defendant makes three arguments for why Defendant fails to state a claim for relief. First, the pendency of a claim or case does not independently violate the FDCPA. Second, its conduct is "permitted by law" and therefore no violation occurred. And third, that no violation occurred because § 1692f(1) only prohibits collecting excessive amounts.

In Defendant's view, the only plausible violation occurred when it filed the proof of claim and other litigation events are irrelevant. Defendant relies on <u>Slorp v. Lerner, Sampson & Rothfuss</u>, 587 F. App'x 249, 259 (6th Cir. 2014), where the Sixth Circuit found that a defendant's affidavit filed in opposition to Plaintiff's motion for relief from judgment was not an independent violation of the FDCPA because it "merely gave 'present effect' to deceptive conduct that had occurred outside the limitations window." 587 F. App'x at 259. The Sixth Circuit reasoned that "the defendants did not commit a fresh violation of the FDCPA each time they filed pleadings or memoranda reaffirming the legitimacy of their state-court suit; rather, those were continuing effects of their initial violation," which "in themselves have no present legal consequences." <u>Id.</u> (internal quotations omitted).

11

Slorp is distinguishable. As the Sixth Circuit said, the legal filings at issue in Slorp "[had] no present legal consequences." Id. The same is not true of Plaintiff's payment and Defendant's acceptance of funds on a time-barred claim in Chapter 13 proceedings. Consider the intended bankruptcy process:

> Where a proof of claim is filed in a bankruptcy case, that claim is generally deemed allowed, so it will be viewed as a valid claim and paid out of the bankruptcy estate. However, the bankruptcy trustee is charged with examining proofs of claim and objecting to the allowance of any claim that is improper. Once the trustee objects, the bankruptcy court is in turn charged with determining whether the claim is unenforceable against the debtor under any agreement or applicable law for a reason other than because such claim is contingent or unmatured. Thus, where the bankruptcy process is working as intended, a time-barred proof of claim may be filed but will not be paid by the bankruptcy estate.

Johnson, 2016 WL 2996372, at *3 (internal quotations, citations, and alterations omitted). Conversely, when a trustee erroneously pays time-barred claims, the "distribution of funds to debt collectors . . . necessarily reduces the payments to other legitimate creditors with enforceable claims." Crawford, 758 F.3d at 1261. In other words, unlike in Slorp where the affidavit had no legal impact, accepting funds for time-barred claims places a debtor in a legally changed position vis-à-vis his creditors with enforceable claims.

Moreover, the Eleventh Circuit appears to be more permissive than the Sixth Circuit regarding what kind of litigation conduct may give rise to FDCPA liability. See Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1304 (11th Cir. 2015) (finding "that the [FDCPA] applies to the litigating activities of lawyers and law firms engaged in consumer debt collection"). In Miljkovic, the Eleventh Circuit determined that Defendant's sworn reply and failure to release a writ of garnishment were conduct subject to the FDCPA's requirements. Id.[4] Likewise, Defendant's litigation activities are subject to the FDCPA.

Defendant's second argument is that because the Bankruptcy Code permits the filing of stale claims, collecting payments on those claims is "permitted by law," see 15 U.S.C. § 1692f(1), and not a violation of the FDCPA. Defendant, however, does not cite any authority for this proposition. Most cases cited by Defendant stand for the unremarkable proposition that the Bankruptcy Code permits creditors to file stale claims. The Eleventh Circuit acknowledges as much in Crawford and Johnson. See Johnson, 2016 WL 2996372, at *3 ("We recognize that the Code allows creditors to file proofs of claim that appear on their face to be barred by the statute of limitations. However, when

---

[4] Ultimately, the Eleventh Circuit determined that this conduct, although subject to the FDCPA, was not in violation of §§ 1692d, 1692e, or 1292f.

13

a particular type of creditor—designated a 'debt collector' under the FDCPA—files a knowingly time-barred proof of claim in a debtor's Chapter 13 bankruptcy, that debt collector will be vulnerable to a claim under the FDCPA."). In short, whether the Bankruptcy Code permits filing stale claims is immaterial as to whether the FDCPA permits that practice. In other words, <u>Crawford</u> makes clear, and <u>Johnson</u> confirms, that the FDCPA may make "debt collectors" liable for conduct the Bankruptcy Code permits.

More generally, the relevance of the "permitted by law" language, which Defendant frequently quotes but never cites, is unclear. It appears that Defendant is referring to 1692f(1). Its reliance on this subsection is misplaced. To see why, consider the structure of § 1692f:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. <u>Without limiting the general application of the foregoing</u>, the following conduct is a violation of this section:
>
> > **(1)** The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or <u>permitted by law</u>.

> **(2)** The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.

15 U.S.C. § 1692f (emphasis added). As is evident, § 1692f(1) is but one example of many "unfair or unconscionable means to collect or attempt to collect a debt." In this context, "permitted by law" in § 1692f(1) is referring to payments that are permitted by statute such as attorneys' fees and costs associated with collecting debts. See, e.g., Larsen v. JBC Legal Group, P.C., 533 F. Supp. 2d 290, 304 (E.D.N.Y. 2008) (finding a § 1292(f)(1) violation where the attorney communication claimed an amount not recoverable under New York General Obligations Law); Abels v. JBC Legal Group, Inc., 434 F. Supp. 2d 763 (N.D. Cal. 2006) (finding that applicable California law did not authorize service charge for dishonored checks). As in Crawford and Johnson, whether the FDCPA prohibits Defendant's acceptance of payments is a matter of the FDCPA and not Bankruptcy or state law, and the "permitted by law" language found in § 1292f(1) is not relevant.

Defendant's third argument is similarly confused regarding the impact of § 1692f(1). Defendant argues that Plaintiff "fails to state an independent claim for relief under § 1692f(1) because he does not challenge the *amount* of [Defendant's] proof

of claim, nor the payments it has received pursuant to its proof of claims." (Doc. 22 at 8.) As Defendant explains, "[t]he focus of [§ 1692f(1)] . . . is on the amount of the debt to be collected rather than the collector's authorization to collect any debt, whatever its amount." Gaetano v. Payco of Wisconsin, Inc., 774 F. Supp. 1404, 1415-16 (D. Conn. 1990). If Plaintiff's claims were based on § 1692f(1), these would be good arguments. But § 1692f(1) is merely an example of how the general prohibition on "unfair" practices can be violated, see 1692f(1)-(8), and Plaintiff never suggested that § 1692(f)(1) was the only exemplary prohibition Defendant violated. (See Am. Compl., Doc. 7, ¶¶ 53-54) (alleging violations of §§ 1692e and 1692f generally).

## IV. CONCLUSION

As explained above, the Court finds that the FDCPA's statute of limitations bars Plaintiff's claim concerning Defendant's filing of a time-barred proof of claim. Accordingly, the Court **GRANTS** Defendant's motion **IN PART** and **DISMISSES** that portion of Plaintiff's claim addressed to the filing of time-barred proofs of claims. But because Plaintiff states a timely claim for relief regarding Defendant's acceptance of payments on time-barred debts in connection with a Chapter 13 Bankruptcy proceeding, the Court **DENIES** Defendant's motion **IN PART**.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA